UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BILLIE ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:13-cv-271-JMS-MJD |
| | ) | |
| J. F. CARAWAY, Warden. | ) | |
| | ) | |
| Respondent. | ) | |

**RETURN TO ORDER TO SHOW CAUSE**

For his return to the order to show cause and in response to the petitioner Billie Allen's

("Allen") petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, the respondent

advises the Court as follows:

**BACKGROUND**

The petitioner Allen is an inmate incarcerated at the Federal Correctional Complex at

Terre Haute, Indiana.  During a bank robbery in 1997, Allen (and a confederate) killed a bank

security guard.  *See United States v. Allen,* 406 F.3d 940, 941 (8th Cir. 2005).  "After the

indictment was returned and before a trial was conducted, the government filed a notice of intent

to seek the death penalty pursuant to 18 U.S.C. § 3593(a) that sets forth both the statutory

aggravating factors contained in 18 U.S.C. § 3592(c) and the mens rea requirement from 18

U.S.C. § 3591(a)(2) which, if proved beyond a reasonable doubt, makes the offense eligible for

the death penalty." *Id.*  Allen was found guilty by the jury of killing a person during the course

of a bank robbery, in violation of 18 U.S.C. § 2113(a) and (e), and of murdering a person with a

firearmused during a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and (j)(1). *Id.*

Allen was sentenced, in accord with the jury's recommendation after the penalty phase of his

trial, to life imprisonment on count 1 and to death on count 2. *Id.*

Allen's convictions and his death sentence were originally upheld on direct review. *See United States v. Allen,* 274 F.3d 741 (8th Cir. 2001). Allen petitioned the Supreme Court for *certiorari*, and while his petition was pending, the Supreme Court handed down its decision in *Ring v. Arizona,* 536 U.S. 584 (2002). In light of *Ring*, the Supreme Court granted Allen's petition for *certiorari* and remanded his case for further consideration. *See Allen v. United* States, 536 U.S. 953 (2002).

On remand, a divided panel, *see United States v. Allen*, 357 F.3d 745, 748-58 (8th Cir. 2004), "concluded that it was error not to charge at least one statutory aggravating factor in Allen's indictment, and that although the error was not structural, the indictment defect was not harmless beyond a reasonable doubt." *United States v. Allen*, 406 F.3d at 942. That determination was, however, vacated by an en banc determination of the Eighth Circuit. *Id.*

In *United States v. Allen*, 406 F.3d 940, 942 (8th Cir. 2005), the Eighth Circuit confronted the following questions:[1]

> (1) Does the Fifth Amendment require that at least one statutory aggravating factor and the mens rea requirement be found by the grand jury and charged in the indictment? (2) If Allen's indict- ment was defective, was the error structural or subject to review for harmless error? (3) If our review is for harmless error, was The error harmless beyond a reasonable doubt? (4) Is the [Fed- eral Death Penalty Act] unconstitutional because it directs the Government to charge aggravating factors in a notice of intent To seek the death penalty rather than in an indictment.

The Eighth Circuit ultimately rejected all of Allen's challenges (as set forth above),

---

[1]The respondent notes that these questions (issues) are the precise issues raised (or more correctly, re-raised) by Allen in his instant 28 U.S.C. § 2241 petition.

stating that "any rational grand jury, including Allen's grand jury, would have found probable cause to charge that Allen knowingly created a grave risk of death to persons other than [the security guard who was killed] while committing the bank robbery . . . [and the] failure to charge this statutory aggravating factor in the indictment was therefore harmless error." *United States v. Allen*, 416 F.3d at 948.  The Eighth Circuit reached "the same conclusion about the mens rea requirement." *Id.*  Finally, the Eighth Circuit rejected Allen's challenge to the constitutionality of the Federal Death Penalty Act.  *United States v. Allen*, 406 F.3d at 949.

Allen again sought *certiorari* to the Supreme Court to review the decision of the Eighth Circuit but his petition was denied on December 11, 2006.  *See Allen v. United States*, 549 U.S. 1095 (2006).  Allen requested reconsideration of that denial, but the Supreme Court denied his petition for rehearing on February 20, 2007.  *Allen v. United States,* 549 U.S. 1246 (2007).

Allen currently has pending before the United States District Court for the Eastern District of Missouri (in cause number 4:07-CV-27 ERW) a motion for post-conviction relief filed pursuant to 28 U.S.C. § 2255.  *See* Ex. A (docket sheet).  The United States' post-hearing brief in that § 2255 action is currently due on or before September 4, 2013.  *See* Ex. A (docket 353).

## ISSUE

Whether Allen may proceed, and whether this Court may consider the merits of the issues raised in Allen's 28 U.S.C. § 2241 petition, pursuant to the "savings clause" provision of 28 U.S.C. § 2255(e) or whether this Court dismissal of Allen's instant petition is mandated by the "gatekeeping" provision of 28 U.S.C. § 2244.

### DISCUSSION

In almost all cases, a 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner may challenge his conviction or his sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001). Only in those exceedingly rare circumstances under which § 2255 "is inadequate or ineffective to test the legality of [the prisoner's] detention" may relief be sought or granted pursuant to 28 U.S.C. § 2241. *Id. See also Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012).

A remedy pursuant to § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention" when the legal theory could not be presented due to structural defects in § 2255 and the theory would demonstrate the petitioner's actual innocence. *See In re: Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). "[A] prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770, 770 (7th Cir. 2000).

Allen cannot contend that his § 2255 remedy is inadequate or ineffective to test the legality of his conviction or sentence. First, Allen has extensively litigated the issues he presents to this Court in his instant petition and has already received a decision on the merits with respect to the issues. *See United States v. Allen*, 406 F.3d 940 (8th Cir. 2005). As Allen has fully litigated his grand jury/defective indictment claims, he is not entitled to relitigate those issues in this forum and this Court need not entertain them. *See Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Taylor v. United States*, 798 F.2d 271, 273 (7th Cir. 1986).

Second, Allen has pending, in the Eastern District of Missouri, a 28 U.S.C. § 2255 motion. As that is the case, it cannot be contended that he is procedurally barred, due to a

statutory structural defect, from utilizing his 28 U.S.C. § 2255 remedy.  "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective."  *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999).  Allen has not met that burden.

## CONCLUSION

For all of the foregoing reasons, the respondent respectfully urges the Court to deny the petitioner Allen's petition for a writ of habeas corpus and to dismiss his 28 U.S.C. § 2241 petition.

Respectfully submitted,

JOSEPH H. HOGSETT
United States Attorney

By: s/Gerald A. Coraz
Gerald A. Coraz
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2013, a copy of the foregoing was mailed, by first

class U.S. Mail, postage prepaid and properly addressed to the following:

Billie Allen
Reg. No. 26901-044
Federal Correctional Complex
P. O. Box 33
Terre Haute, IN 47808


s/Gerald A. Coraz
Gerald A. Coraz
Assistant United States Attorney


Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048
(317) 226-6333